IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Magdalena de Jesus, Dionisio de Jesus, Raul Interiano, and All Others Similarly Situated | ) ) ) ) | CIVIL ACTION FILE NO. |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| My Outdoor Designer, Inc. d/b/a My Outdoor Designer; and, Mtanes A. Varda aka Tony Varda Defendants. | ) ) ) ) ) | JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

NOW COME PLAINTIFFS, Magdalena de Jesus, Dionisio de Jesus, Raul Interiano, and all others similarly situated, and complain of Defendants My Outdoor Designer, Inc. d/b/a My Outdoor Designer and Mtanes A. Varda aka Tony Varda (hereinafter collectively referred to as "Defendants") and for cause of action would show the Court as follows:

## I.
## INTRODUCTION

1. This is a collective action suit to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, and post-judgment interest for Defendants' willful failure of 29 U.S.C. § 216(b). Specifically, Defendants have filed to pay overtime wages to Plaintiffs Magdalena de Jesus, Dionisio de Jesus, Raul Interiano, and to all others similarly situated, in the course of their employment with the Defendants.

1

3. Plaintiffs Magdalena de Jesus, Dionisio de Jesus, Raul Interiano and all others similarly situated demand a jury trial on all issues that may be tried to a jury.

4. This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and state common law.

## II.
## JURISDICTION AND VENUE

5. Plaintiffs Magdalena de Jesus, Dionisio de Jesus, and Raul Interiano, on behalf of themselves and the Plaintiff class, bring this action to recover unpaid overtime compensation from the Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

6. This Court also has jurisdiction of these claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

7. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
## PARTIES

8. Plaintiff, Magdalena de Jesus, is a resident of Harris County, Texas.

9. Plaintiff, Dionisio de Jesus, is a resident of Harris County, Texas.

10. Plaintiff, Raul Interiano, is a resident of Harris County, Texas.

11. The 'Members of the Class' are all current and former non-exempt hourly workers who were employed by the Defendants during the three-year period preceding the filing of this complaint. Like the named Plaintiffs, these persons engaged in commerce or in the production of goods for commerce in performing their duties for Defendants.

12. Defendant My Outdoor Designer, Inc. d/b/a My Outdoor Designer is a validly existing Texas corporation that may be served with summons and complaint by serving its registered agent, Mtanes A. Varda aka Tony Varda at 189 Old Bridge Lake, Houston, Texas

77069, or at any other address where he may be found. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the named Plaintiffs and Members of the Class.

13. Defendant Mtanes A. Varda aka Tony Varda is an individual who may be served with summons and complaint at 189 Old Bridge Lake, Houston, Texas 77069, or at any other address where he may be found. Defendant Varda is an individual engaged in commerce or the production of goods for commerce. He has acted, directly or indirectly, in the interest of an employer with respect to the named Plaintiffs and Members of the Class.

14. Whenever in this complaint it is alleged that any or all of the above named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of each Defendant or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

15. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

16. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

17. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce.  29 U.S.C. § 203(s)(1).

18. At all material times, each named Plaintiff was an employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

19. Defendants are a common enterprise and joint employer as defined by 29 U.S.C. § 203(r).

20. Defendant, Mtanes A. Varda aka Tony Varda, is the principal shareholder and director of My Outdoor Designer, Inc.

21. Defendant, Mtanes A. Varda aka Tony Varda, is the principal officer of My Outdoor Designer, Inc.

22. Defendant, Mtanes A. Varda aka Tony Varda, is involved in the day-to-day business operation of My Outdoor Designer, Inc.

23. Defendant, Mtanes A. Varda aka Tony Varda, is involved in setting company policies of My Outdoor Designer, Inc.

24. With respect to My Outdoor Designer, Inc., Mtanes A. Varda aka Tony Varda has the authority to hire and/or fire employees of that business, including the business operating as 'My Outdoor Designer'.

25. With respect to My Outdoor Designer, Inc., Mtanes A. Varda aka Tony Varda has the authority to set pay rates of its employees.

26. With respect to My Outdoor Designer, Inc., Mtanes A. Varda aka Tony Varda has the authority to direct and supervise the work of its employees.

27. With respect My Outdoor Designer, Inc., Mtanes A. Varda aka Tony Varda has the authority to sign on these business checking account(s), including payroll accounts.

28. With respect to My Outdoor Designer, Inc., Mtanes A. Varda aka Tony Varda has the authority to make decisions regarding its employees' compensation.

29. With respect to My Outdoor Designer, Inc., Mtanes A. Varda aka Tony Varda has the authority to make decisions regarding capital expenditures for its businesses.

## IV.
## CLASS ALLEGATIONS

30. Plaintiffs Magdalena de Jesus, Dionisio de Jesus, and Raul Interiano ("Named Plaintiffs") file this case as an "opt-in" collective action, as is specifically allowed by 29 U.S.C. § 216(b).

31. The class that Named Plaintiffs seek to represent may be described as follows:

> **All current and former hourly workers who were employed by Defendants during the three-year period preceding the filing of this complaint, who were (i) either paid a fixed amount every pay period despite working more than 40 hours per week, and/or (ii) paid on an hourly basis, and who were not paid their overtime wages.**

32. Named Plaintiffs seek to represent only those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Named Plaintiffs' counsel as required by 29 U.S.C. § 216(b).

33. Individuals that choose to opt-in, referred to as the "Plaintiff class", will be listed on subsequent pleadings and copies of their written consents to sue will be filed with the Court.

34. Named Plaintiffs contend that this action is appropriate for collective action status because each named Defendant herein has acted in the same manner with regard to all members of the Plaintiff class.

## V.
## FACTS

35. At all times relevant to this action, Defendants have been subject to the requirements of the FLSA.

36. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing

thereafter.

### *Defendants' Business*.

37. Defendants own and operate businesses that, among other things, install various outdoor lighting, including Christmas lights, at residential and commercial properties primarily in the Houston Metropolitan area.

38. Defendants employ workers that perform these installations. Plaintiffs Magdalena de Jesus, Dionisio de Jesus, and Raul Interiano were among such workers.

### *Plaintiff Magdalena de Jesus' Employment with the Defendants*.

39. Defendants employed Plaintiff Magdalena de Jesus from March 31, 2008 until December 14, 2008 as a lighting installer.

40. During her employment, Plaintiff was required to work overtime hours in excess of 40 hours during each seven-day workweek.

41. Further, during these hours worked, Plaintiff has performed the function of her job, which included the performance of duties typically performed by "hourly" paid non-exempt employees because the job required it and Defendants' management demanded it.

### *Plaintiff Dionisio de Jesus' Employment with the Defendants*.

42. Defendants employed Plaintiff Dionisio de Jesus from July 7, 2008 until January 4, 2009, as a lighting installer.

43. During his employment, Plaintiff was required to work overtime hours in excess of 40 hours during each seven-day workweek.

44. Further, during these hours worked, Plaintiff has performed the function of his job, which included the performance of duties typically performed by "hourly" paid non-exempt employees because the job required it and Defendants' management demanded it.

*<u>Plaintiff Raul Interiano' Employment with the Defendants</u>*.

45. Defendants employed Plaintiff Raul Interiano from January 28, 2008 until January 11, 2009, as a lighting installer.

46. During his employment, Plaintiff was required to work overtime hours in excess of 40 hours during each seven-day workweek.

47. Further, during these hours worked, Plaintiff has performed the function of his job, which included the performance of duties typically performed by "hourly" paid non-exempt employees because the job required it and Defendants' management demanded it.

48. Similarly, during at least the past three years, all of the non-exempt employees working at all business locations owned and/or operated by the Defendants were routinely required to work in excess of 40 hours per week to perform the function of their job which included the performance of duties otherwise typically performed by "hourly" paid non-exempt employees because the job required it and Defendants' management demanded it.

49. Defendants required Named Plaintiffs and all others similarly situated to perform all necessary work to include the performance of those duties otherwise typically performed by "hourly" employees which routinely required Named Plaintiffs and other similarly situated employees to work "overtime" hours as defined by 29 U.S.C. § 201 *et seq*., for which they were not paid for.

### VI.
### <u>CLAIM FOR RELIEF</u>
**(Unpaid overtime compensation under the FLSA)**

50. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

51. Plaintiffs Magdalena de Jesus, Dionisio de Jesus, Raul Interiano, and all others

similarly situated are considered non-exempt employees.

52. These Named Plaintiffs and all others similarly situated are entitled to receive overtime pay for all hours they have worked in excess of 40 during each seven-day workweek.

53. During Named Plaintiffs' employment, each routinely worked more than 40 hours per week.

54. Defendants did not pay the Named Plaintiffs, and all others similarly situated, their entitled pay (including overtime pay) for those hours they worked in excess of 40 per week.

55. Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay the Named Plaintiff and all other similarly situated employees "overtime" pay for all hours worked in excess of 40 hours per week.

56. Defendants have not made a good faith effort to comply with the FLSA, and have thus violated the requirements of the federal statute.

57. Defendants do not have a complete, accurate and contemporaneous record of the number of hours worked per workweek by Named Plaintiffs and by all other similarly situated employees.

58. Each Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

59. No exemption excused the Defendants from paying Named Plaintiffs and all others similarly situated, overtime pay for hours worked over forty per week.

60. Rather, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern and practice regarding overtime compensation due to Named Plaintiffs and to all others similarly situated.

61. Named Plaintiffs and all others similarly situated seek an amount of back-pay equal to the unpaid overtime compensation from the date they commenced employment for the

Defendants until the date of trial or their earlier last date of employment.

62. Named Plaintiffs and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided for by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

## VII.
## COLLECTIVE ACTION ALLEGATIONS

63. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

64. Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

65. Thus, from discussion with Defendants and co-workers, Named Plaintiffs are aware that the illegal practices and policies of Defendants have been imposed on other workers.

66. Other, similarly situated employees are being denied their lawful wages.

67. Accordingly, each Defendant's pattern and practice of failing to pay the overtime pay (at time and one-half) to its employees as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the members of the class.

68. Named Plaintiffs' experience is typical of the experience of the members of the class as it pertains to compensation.

69. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

70. All hourly workers of Defendants, regardless of their job requirements or rates of pay, who are denied overtime compensation for hours worked in excess of 40 per week, are

similarly situated.

71. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

72. All current and former hourly laborers employed by the Defendants businesses, who at any time during the three years prior to the date of filing of this action to the date of judgment were denied overtime pay for hours worked in excess of forty (40) in any given workweek are properly included as members of the class.

## VIII.
## ATTORNEY FEES

73. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

74. The Named Plaintiffs, and all others similarly situated, are entitled to recover attorney's fees and costs for bringing this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## IX.
## JURY DEMAND

75. The Named Plaintiffs, and all others similarly situated, make a formal demand for a jury trial in this matter.

## X.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Magdalena de Jesus, Dionisio de Jesus, Raul Interiano, and all others similarly situated respectfully request that upon final hearing, the Court grant Plaintiff, and all others similarly situated, relief as follows:

a. Declare that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. § 207, by failing to pay Named Plaintiffs, and all others similarly situated,

        overtime pay at one and one half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period.

b.   Enjoin Defendants from failing to pay Named Plaintiffs, and all others similarly situated, at one and one half times their regular hourly rates for all hours in excess of 40 worked in each seven-day work period.

c.   Order Defendants to pay Named Plaintiffs, and all others similarly situated, the difference between what they should have paid for overtime hours plaintiffs worked during the relevant period and what they were actually paid, together with an equal amount as liquidated damages.

d.   Order Defendants to pay Named Plaintiffs and all others similarly situated employees' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

e.   Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against the Defendants.

f.   Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Named Plaintiffs, and to all other similarly situated employees of Defendants.

                                  Respectfully submitted,

                                  **ALI S. AHMED, P.C.**

By:   /s/ Salar Ali Ahmed
        **Salar Ali Ahmed**
        Federal Id. No. 32323
        State Bar No. 24000342
        One Arena Place
        7322 Southwest Frwy., Suite 1920
        Houston, Texas 77074
        Telephone:   (713) 223-1300
        Facsimile:   (713) 255-0013

        **Attorney For Plaintiffs**
        **Magdalena De Jesus, Dionisio De Jesus,**
        **Raul Interiano and All Others Similarly**
        **Situated**